IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| EUGENNA AILEEN TAYLOR,<br>      Plaintiff, | *<br>*<br>*<br>*<br>* |  |
| v. | *<br>* | Civil Action No. 11-cv-03008-AW |
|  | * |  |
| UNIVERSITY OF MARYLAND,<br>      BALTIMORE, *et al.*,<br>      Defendants. | *<br>*<br>* |  |

**Memorandum Opinion**

The matters currently before the Court are Defendants' Motion to Dismiss, Doc. No. 32, six motions for summary judgment by Plaintiff, Doc. Nos. 36, 42, 46–49, and Defendants' Motion to Stay Motion for Summary Judgment Pending Determination of Motion to Dismiss, Doc. No. 39.  The Court has reviewed the motion papers submitted by the parties and finds that no hearing is necessary.  *See* Loc. R. 105(6) (D. Md. 2010).  For the reasons articulated below, the Court will grant Defendants' Motion to Dismiss, deny as moot Defendants' Motion to Stay Motion for Summary Judgment Pending Determination of Motion to Dismiss, and deny Plaintiff's motions for summary judgment.

**I.    *Pro Se* Complaint**

Plaintiff is a *pro se* litigant.  The Court is required to liberally construe *pro se* documents *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), by holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Hughes v. Rowe,* 449 U.S. 5, 9–10 (1980) (*per curiam*).  A federal district court is charged with liberally construing a

complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## II.     Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The Complaint generally must satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Despite the liberal standards applicable to *pro se* Complaints, Plaintiff's Second Amended Complaint fails to allege in any discernible manner the existence of any acts committed by the Defendants from which the Court can make out any cognizable claims. Rather, Plaintiff's Second Amended Complaint consists of a rambling and largely incomprehensible diatribe against the University of Maryland based on its dismissal of Plaintiff from its graduate Clinical Nurse Leader program after Plaintiff failed to maintain a 3.5 grade point average as required by the program. Plaintiff has supplemented her pleadings with

numerous e-mails sent by her classmates to the administration complaining of Plaintiff's disruptive and at times bizarre behavior during class.

Although it appears Plaintiff was never employed by the University, Plaintiff claims that Defendants are liable for employment discrimination as well as medical malpractice, housing discrimination, slander, racial and sexual harassment, trespassing, invasion of privacy, invasion of seclusion, exposure of medical information, and false imprisonment. Plaintiff also alleges that Defendants burglarized her and were involved in a suspicious automobile accident.

Insofar as Plaintiff is seeking to file a Title VII action, she is precluded from doing so due to her failure, acknowledged within her Complaint, to exhaust all administrative remedies within the applicable 180-day limitations period.  *See* 42 U.S.C. § 2000e-5(e)(1); *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996).  Because Plaintiff's Second Amended Complaint otherwise fails to allege coherent facts to support any of its claims, it provides no notice to Defendants as to what allegations they must address and also provides the Court with no notice of the grounds upon which Plaintiff is seeking relief.  Accordingly, Plaintiff's Second Amended Complaint must be dismissed.  The Court additionally notes that Plaintiff has filed six motions for summary judgment which are similarly incomprehensible and will be denied as moot given the Complaint's failure to state a claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted, and all other motions denied.  A separate order will follow.

| | |
|---|---|
| May 2, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |