IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| EUGENNA AILEEN TAYLOR,<br>    Plaintiff,<br><br>            v.<br><br>UNIVERSITY OF MARYLAND,<br>    BALTIMORE, *et al.*,<br>    Defendants. | Civil Action No. 11-cv-03008-AW |

**Memorandum Opinion**

The matters currently before the Court are Plaintiff's Motion to Alter or Amend Judgment, Doc. No. 54, and Plaintiff's Motion for Sanctions, Doc. No. 53. The Court has reviewed the motion papers submitted by the parties and finds that no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, both motions will be DENIED.

    A.    <u>Motion to Alter or Amend Judgment</u>

Plaintiff seeks reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure based on the Court's May 2, 2012 Order granting Defendants' Motion to Dismiss. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Because Plaintiff has pointed to no new evidence or intervening change in controlling law, the Court will consider her motion as arising under the

third rationale: manifest error. To justify reconsideration on the basis of manifest error, the prior decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)).

The Court granted Defendants' Motion to Dismiss because Plaintiff's Second Amended Complaint did not allege facts sufficient to support her claims against the various defendants. Plaintiff appears to contend that the Court failed to consider her defamation and false light claims. As Plaintiff correctly notes, to prevail in a defamation claim, a plaintiff must establish that the statements made by defendants were false. *See Gohari v. Darvish*, 767 A.2d 321 (Md. 2001). The tort of false light invasion of privacy, on the other hand, requires a showing that the defendants exposed the plaintiff to the public in a false light. *See Holt v. Camus*, 128 F. Supp. 2d 812, 816 (D. Md. 1999).

Although Plaintiff has alleged that Defendants sent several e-mails complaining about her behavior in class, Plaintiff has admitted that her behavior fueled the complaints at least in part, and has not shown that she suffered any harm causally related to the complaints. For example, Plaintiff alleges in her Second Amended Complaint that a student in one of her classes e-mailed University of Maryland administrators complaining, *inter alia*, that Plaintiff "made no effort to stop her burping and yawning during student presentations." Doc. No. 21 at 17. Plaintiff contends that "[b]urping and yawning are natural body functions. [Plaintiff] asserts that she has burped and yawned during class, no more than three times in total. Per each burp/yawn [Plaintiff] has stated, 'Excuse me'… [.]" *Id.* at 18. Even if some of the complaints allegedly lodged against Plaintiff were false, Plaintiff has alleged no harm suffered that was causally

2

related to the complaints.  The primary harm allegedly suffered by Plaintiff was her dismissal from the University of Maryland's Clinical Nurse Leader program, which Plaintiff acknowledges was due to her failure to maintain a 3.5 grade point average.  Any other harm alleged by Plaintiff, *i.e.* homelessness, car accident, deteriorating health and impaired mental functioning, limited political power, periods of unemployment, psychological terror, physical challenges and forced disability do not appear related to the harms alleged.

Additionally, in a supplement to her motion, Plaintiff appears to contend that the Court failed to consider her quid pro quo sexual harassment claim.  In order to establish a *prima facie* case of *quid pro quo* sexual harassment, a plaintiff must show that: (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) Plaintiff's reaction to the harassment affected tangible aspects of compensation, terms, conditions, or privileges of employment; and (5) the employer knew or should have known of the harassment and took no effective remedial action.  *Rachel-Smith v. FTData, Inc.*, 247 F. Supp. 2d 734, 745 (D. Md. 2003) (citation omitted).

In her Second Amended Complaint, Plaintiff alleges "inappropriate behaviors" by Defendant Jeffrey Johnson, a University of Maryland professor, as well as Defendants Thomas Sawyer, Conrad Gordon, and Joan Davenport.  *See* Doc. No. 21 at 25.  Plaintiff alleges that "[a]dverse actions, including but not limited to disparate treatment, were directed and/or taken against her because she refused to meet sexual requirements (i.e., quid pro quo), complained that she did not appreciate being asked medical/personal questions unrelated to her studies, and/or appreciate the unwelcome/inappropriate comments received." *Id.* at 24.  Plaintiff has not established that she was involved in an employment relationship with any of these individuals or that she was subject to any unwelcome sexual harassment.  Her factual allegations regarding the

sexual harassment are vague, conclusory, and devoid of any reference to actual events. As such, the Court affirms its prior decision dismissing Plaintiff's sexual harassment claims.

In sum, Plaintiff's most recent motion consists of little more than a regurgitation of the law, citation to various statutes and largely incoherent factual allegations. Plaintiff requests that the Court give her the opportunity to amend her Complaint once again so that she can more clearly plead her causes of action. Although the Court would normally afford such an opportunity to a *pro se* plaintiff, here Plaintiff has been provided the opportunity to amend her Complaint twice and it remains largely inscrutable. In the interests of fairness to the twenty two named defendants in this case, the Court must acknowledge that the time has come where enough is enough. Accordingly, Plaintiff's Motion to Alter or Amend the Court's May 2, 2012 Judgment is denied.

B.   Motion for Sanctions

Plaintiff has additionally moved for sanctions against Defendants' attorneys based on their defense of Defendants in this matter. Plaintiff's motion appears frivolous and is likewise denied.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motions are denied. A separate order will follow.

June 29, 2012                                             /s/
   Date                                             Alexander Williams, Jr.
                                                    United States District Judge